IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

HAROLD DOUGLAS BULLARD                    *
#225 596
            Plaintiff,                     *

            v.                             *          3:09-CV-224-TMH
                                                      (WO)
JUDGE DENSON, LEE COUNTY, *et al.*,        *

            Defendants.                    *

_____

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Ventress Correctional Facility in Clayton, Alabama, filed this 42 U.S.C. § 1983 action on March 19, 2009.  He seeks to challenge matters related to his  criminal court proceedings which occurred in four different counties in Alabama. Plaintiff brings this complaint against circuit court judges for  Lee, Barbour, Tallapoosa, and Elmore Counties, Alabama. Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

_____

[1]     A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

# I. DISCUSSION

*A. Judges Denson, Smithart, Young, and Fuller*

The court understands Plaintiff to argue in his complaint that Judges Denson (circuit court judge for Lee County), Smithart (circuit court judge for Barbour County), Young (circuit court judge for Tallapoosa County), and Fuller (circuit court judge for Elmore County) violated his constitutional rights during his criminal proceedings in each judge's respective court.  Plaintiff's claims against the named defendants entitle him to no relief in this cause of action.

### i.  Monetary Damages

Plaintiff's allegations against the named judges emanate from actions taken by these defendants in their judicial capacity during state court proceedings over which they had jurisdiction.  The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority.  *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978).  Moreover, this immunity applies even when the judicial acts are done maliciously or corruptly.  *Stump*, 386 U.S. at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986).  Accordingly, any claim for monetary damages against the named defendants are "based on an indisputably meritless legal theory" and are, therefore, due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*ii. Declaratory Relief*

To the extent Plaintiff seeks declaratory relief from adverse decisions issued by the named defendants in the state criminal proceedings over which these defendants presided, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983.  "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'  *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)."  *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006).  Although *Rooker-Feldman* "is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517."  *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").  Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.  *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment);

*see also Rolleston v. Eldridge*, 848 F.2d 163 (11ᵗʰ Cir. 1988).

In light of the foregoing, the court concludes that dismissal of any request for declaratory relief with respect to actions undertaken by the named defendants during proceedings related to Plaintiff's criminal court proceedings and/or attendant convictions is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11ᵗʰ Cir. 1990); *see also Neitzke*, 490 U.S. 319.

*B.  The Challenge to Plaintiff's Conviction*

To the extent Plaintiff's  seeks to attack the validity of criminal convictions imposed upon  him by the named defendants, such claims may not proceed in a § 1983 action. These claims goes to the fundamental legality of Plaintiff's confinement, and, consequently, provide no basis for relief at this time.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 483-489.  The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's

complaint was due to be dismissed as no cause of action existed under section 1983.  *Id*. at 481.  In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate that the challenged action has previously been invalidated.  520 U.S. at 648.  Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment."  *Id.* at 645.  The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of his confinement is a petition for writ of habeas corpus.  *Id*.  Additionally, the Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed."  *Id*. at 649.

To the extent Plaintiff's claims represent a  challenge to the constitutionality of his criminal convictions, a judgment in his favor in this cause of action would necessarily imply the invalidity of these convictions.  It is clear from the complaint that the convictions about which Plaintiff complains have not been invalidated in an appropriate proceeding.  Consequently, the instant collateral attack on the  convictions is prohibited as habeas corpus is the exclusive remedy for a state prisoner who challenges the validity of the fact or duration

5

of his confinement. *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser*, 411 U.S. at 488-490. Such attack is, therefore, subject to summary dismissal by this court in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The § 1983 claims presented against Judges Denson, Smithart, Young, and Fuller be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and/or (iii);

2. Plaintiff's challenge to the constitutionality of the convictions and sentences imposed upon him by the Circuit Courts for Lee, Barbour, Elmore, and Tallapoosa Counties, Alabama, be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

3. This complaint be DISMISSED prior to service of process.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **April 21, 2009**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 8th day of April 2009.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE